```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

LMP NINTH STREET REAL
ESTATE, LLC,

    Plaintiff,

v.                                       CASE NO: 8:16-cv-2463-T-33AEP

U.S. BANK NATIONAL
ASSOCIATION, as Trustee for
the Holders of Waterfall
Commercial Mortgage Trust
2015-SBC5 Commercial Mortgage
Pass-Through, Certificates,
Series 2015-SBC5, and KEYBANK
NATIONAL ASSOCIATION,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on the basis of Plaintiff LMP Ninth Street Real Estate, LLC's motion to remand (Doc. # 9), filed on September 2, 2016. Defendants KeyBank National Association and U.S. Bank National Association, in its capacity as trustee for the Certificateholders of the Waterfall Commercial Mortgage Trust 2015-SBC5 Commercial Mortgage Pass-Through, Certificates, Series 2015-SBC5 ("Trust"), filed a response in opposition on September 16, 2016. (Doc. # 23). On September 21, 2016, U.S. Bank and KeyBank filed the Pooling and Servicing Agreement

1

("Agreement") for the Trust as an exhibit to their response. (Doc. # 26). Then, on October, 5, 2016, U.S. Bank and KeyBank provided further information about the citizenships of the Trust's Certificateholders. (Doc. # 32). For the reasons that follow, LMP Ninth Street's Motion is denied.

**Discussion**

KeyBank and U.S. Bank removed this action to this Court from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, on August 26, 2016, on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship under 28 U.S.C. § 1332, "all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to proper subject matter jurisdiction should be resolved against removal. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

The removing defendant has the burden of establishing the existence of federal jurisdiction by a preponderance of the evidence and the removing party must present facts

2

establishing its right to remove. Williams v. Best Buy Co. Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). If nothing in the complaint, the notice of removal, or the record sufficiently alleges the citizenship of the parties, the district court may allow the defendants to submit evidence in support of jurisdiction in order to ensure complete diversity exists. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)(remanding to the district court to determine citizenship where removing defendant failed to adequately allege in its notice of removal the citizenship of both parties.)

U.S. Bank and KeyBank state in their notice of removal that LMP Ninth Street is a Florida citizen because its sole member is LMP Properties, L.L.L.P., for which Florida citizens Dana and Mitch Permuy are the general and limited partners. (Doc. # 1 at ¶¶ 14-18). The notice of removal states that U.S. Bank and KeyBank are both national banking associations and citizens of Ohio. (Id. at ¶¶ 22, 26). They assert that the Trust is also an Ohio citizen because it is a real estate investment conduit (REMIC) trust whose citizenship is determined by the citizenship of its trustee, U.S. Bank. (Id. at ¶ 24).

However, in its Motion, LMP Ninth Street argues that this is the incorrect test for the citizenship of an investment trust like the Trust. According to LMP Ninth Street, the case should be remanded to state court because the citizenship of a REMIC trust should be determined by the citizenships of all its certificateholders. (Doc. # 9 at 4). The citizenships of all the Trust's Certificateholders were not listed in the notice of removal and U.S. Bank was unable to prove their citizenships in its statement regarding the identities of the Certificateholders. (Doc. ## 1, 32). Therefore, if the citizenships of all the Certificateholders are determinative for diversity purposes, U.S. Bank has failed to establish federal jurisdiction and the case must be remanded.

The "mere designation of an entity as a trust rather than an unincorporated association is not controlling for purposes of determining diversity of citizenship." Bearse v. Main St. Investments, 220 F. Supp. 2d 1338, 1344 (M.D. Fla. 2002)(citing Xaros v. U.S. Fidelity and Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987)). In the recent decision, Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016), the Supreme Court held that an unincorporated artificial entity organized under Maryland law, which called

4

itself a real estate investment trust, was a citizen of every state in which its shareholders were located. Id. at 1013. Although it was called a trust, the Americold trust was owned and controlled by its shareholders under Maryland law. Id. at 1016 ("As with joint-stock companies or partnerships, shareholders [in the Maryland investment trust] have 'ownership interests' and votes in the trust by virtue of their 'shares of beneficial interest'"). Thus, that trust was an unincorporated entity for which "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members." Id. at 1015. Americold clarified that "when an artificial entity is sued in its name, it takes the citizenship of each of its members." Id. at 1016.

However, Americold did not change the rule that a traditional trust shares the citizenship of its trustee for diversity purposes. As the Supreme Court explained,

> Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued.

5

Id. (internal citations omitted). The earlier Supreme Court decision, Navarro Savings Association v. Lee, 446 U.S. 458 (1980), acknowledged that the citizenship of a trustee of an express trust is determinative for diversity purposes when he is the real party in interest in the case. See Navarro, 446 U.S. at 462-66. "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Id. at 464; see also Wells Fargo Bank, N.A. v. Mitchell's Park, LLC, 615 Fed. App'x 561, 563 (11th Cir. 2015)("Under the terms of the trust agreement, Wells Fargo holds all right, title and interest in the trust fund for the exclusive benefit of the trust beneficiaries. As a result, Wells Fargo constitutes the real party in interest and can 'sue in [its] own right, without regard to the citizenship of the trust beneficiaries.'")

Unlike the 'trust' in Americold, the Trust is not an unincorporated artificial entity. Rather, the Agreement shows that the Trust is a traditional trust, meaning that it is a fiduciary relationship between the trustee, U.S. Bank, and the beneficiaries, the Certificateholders. Under the Agreement, the Certificateholders, like beneficiaries of a traditional trust, do not have voting rights or otherwise own

6

or control the Trust. (Doc. # 26 at § 10.3(b))("No Certificateholder shall have any right to vote . . . or in any manner otherwise control the operation and management of the Trust Fund . . . ."). The loans which comprise the Trust's assets, are transferred and conveyed to U.S. Bank for the benefit of the Certificateholders. (Id. at § 2.01(a))("The Depositor . . . does hereby assign, sell, transfer, set over and otherwise convey to the Trustee . . . for the benefit of the Certificateholders all the right, title and interest of the Depositor . . ."). As trustee, U.S. Bank holds the Trust's assets "in trust for the exclusive use and benefit of all present and future Certificateholders." (Id. at § 2.02(a)). The trustee must also ensure the delivery of payments to the Certificateholders by "establish[ing] and maintain[ing] the Distribution Account." (Id. at § 3.04(b)).

Based on U.S. Bank's powers to hold, manage, and control the Trust's assets for the benefit of the Certificateholders, the Court finds that Trust is a traditional trust and U.S. Bank is a real party in interest in this case. See Navarro, 446 U.S. at 465-66 ("[The trustees] have legal title; they manage the assets; they control the litigation. In short, they are real parties to the controversy."). As U.S. Bank is being sued in its own name as trustee of a traditional trust,

7

U.S. Bank's citizenship is determinative for diversity purposes. Americold, 136 S. Ct. at 1016 ("And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.").

U.S. Bank is a national banking association organized under federal law. (Doc. # 1 at ¶ 23). Pursuant to 28 U.S. C. § 1348, a national banking association is a citizen of the state in which it is located. The Supreme Court has held that a national bank is located "in the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). U.S. Bank's main office is located in Cincinnati, Ohio. (Doc. # 1 at ¶ 25). Thus, U.S. Bank is a citizen of Ohio and diverse from LMP Ninth Street, a Florida citizen. Because KeyBank is also a citizen of Ohio, complete diversity exists between the parties.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff LMP Ninth Street Real Estate, LLC's Motion to Remand (Doc. # 9) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE