UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LMP NINTH STREET REAL
ESTATE, LLC,

     Plaintiff,

v.                         CASE NO: 8:16-cv-2463-T-33AEP

U.S. BANK NATIONAL
ASSOCIATION, as Trustee for
the Holders of Waterfall
Commercial Mortgage Trust
2015-SBC5 Commercial
Mortgage Pass-Through,
Certificates, Series 2015-
SBC5, and KEYBANK NATIONAL
ASSOCIATION,

     Defendants.
_____/

## ORDER

     This matter comes before the Court pursuant to Defendants U.S. Bank National Association and KeyBank National Association's Motion to Dismiss (Doc. # 5), filed on August 30, 2016. Plaintiff LMP Ninth Street Real Estate, LLC, filed a response in opposition on September 30, 2016. (Doc. # 31). For the reasons that follow, the Court denies the Motion.

## I.   Background

     LMP Ninth Street owns commercial real estate in St. Petersburg, Florida. (Doc. # 2 at ¶ 1). In 2008, LMP Ninth

Street refinanced and consolidated a loan secured by its real estate, which was executed in a Note Renewal, Consolidation and Restatement Agreement (Note). (Id. at ¶ 4). In mid-2015, LMP Ninth Street states that U.S. Bank, as Trustee for Holders of Waterfall Commercial Mortgage Trust 2015-SBC5, acquired the loan from LMP Ninth Street's refinancing lender. (Id.). U.S. Bank contracted with KeyBank to service the loan. (Id. at ¶ 5).

LMP Ninth Street decided to refinance the loan in late 2015, and "procured an executed loan commitment through PNC Bank" in early 2016. (Id. at ¶ 6). However, the Note contained a prepayment fee that would have required LMP Ninth Street to pay a fee as high as $1,646,256 in addition to the outstanding loan amount to U.S. Bank. (Id. at ¶ 7).

LMP Ninth Street states that it negotiated with U.S. Bank to reduce the prepayment fee by fifty percent, so long as the closing occurred before March 1, 2016. (Id. at ¶ 8). This agreement was not put into a formal writing; however, "[t]hat reduction was recognized in an email authored by Kyle Elliott on behalf of [U.S. Bank] and sent to a representative of [LMP Ninth Street] and copied to a representative of KeyBank." (Id.). The email dated January 29, 2016, reads:

Hi David,

> Please coordinate with Daniel re: closing. He is
> aware of the reduction in prepay fee (if payoff
> occurs by 3/1/16).
>
> Thanks,
> Kyle

(Id. at 15).

LMP Ninth Street was ready to close on the refinance by March 1, 2016, and able to pay the reduced prepayment fee then. (Id. at ¶ 9). But on a payoff statement LMP Ninth Street received on February 24, 2016, the full amount of the prepayment fee was listed. (Id.). LMP Ninth Street discussed this with a KeyBank representative who assured LMP Ninth Street that the "only remaining issue was whether the reduced amount was to be paid by [LMP Ninth Street] at the closing or [LMP Ninth Street] would pay the full prepayment fee with a rebate to [LMP Ninth Street] following the closing." (Id.).

Yet, during a subsequent phone conversation with a U.S. Bank representative, LMP Ninth Street was informed that it would not receive the fifty percent reduction in the prepayment fee. (Id.). As a result, LMP Ninth Street was unable to close on the refinance, and "continues to pay a much higher interest rate on the loan than it would currently be paying had the refinance occurred, as agreed." (Id. at ¶ 10).

LMP Ninth Street filed this action in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, on July 27, 2016, seeking a declaration that the agreement regarding the prepayment fee is enforceable under Florida law, as well as seeking damages under a promissory estoppel theory for the higher interest rate it is currently paying. (Doc. # 2).

Subsequently, U.S. Bank and KeyBank timely removed the action to this Court on August 26, 2016. (Doc. # 1). They then filed a Motion to Dismiss on August 30, 2016, arguing that the alleged agreement to reduce the prepayment fee was not binding under Florida's banking statute of frauds, and that LMP Ninth Street cannot use a promissory estoppel claim to circumvent the requirements of the statute of frauds. (Doc. # 5). LMP Ninth Street filed a response in opposition on September 30, 2016. (Doc. # 31). The Motion is now ripe for the Court's review.

## II.  Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable

inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

III. **Analysis**

U.S. Bank and KeyBank argue that LMP Ninth Street has not sufficiently pled the existence of a valid agreement to modify the Note and reduce the prepayment fee. (Doc. # 5 at 2). Additionally, they argue that LMP Ninth Street cannot proceed on a promissory estoppel theory in order to circumvent

the requirements of the statute of frauds. (Id.). The Court
addresses each issue in turn.

### A.   **Oral Agreement**

"In order to properly plead a claim for breach of
contract under Florida law, a plaintiff must prove the
existence of a valid contract, a breach of such contract, and
damages resulting from such breach." Senter v. JPMorgan Chase
Bank, N.A., 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011)(citing
Knowles v. C.I.T. Corp., 346 So. 2d 1042, 1043 (Fla. 1st DCA
1977)). A plaintiff must show the existence of a valid
contract by alleging: "(1) an offer; (2) acceptance of the
offer; (3) consideration; and (4) sufficient consideration of
the essential terms of the agreement." Id. (citing St. Joe
Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004)).

U.S. Bank and KeyBank argue that LMP Ninth Street has
failed to show the existence of a writing, as required by the
Florida statute of frauds for credit agreements. Under
Florida Statute Section 687.0304, "A debtor may not maintain
an action on a credit agreement unless the agreement is in
writing, expresses consideration, sets forth the relevant
terms and conditions, and is signed by the creditor and
debtor." Fla. Stat. § 687.0304(2). Thus, Section 687.0304
"restricts the ability of the borrower to bring suit upon

oral credit agreements" and "is intended to provide an additional element of certainty and stability in a transaction for both the lender and the borrower." <u>Collins v. Citrus Nat'l Bank</u>, 641 So. 2d 458, 459 (Fla. 5th DCA 1994)(citations and internal quotation marks omitted). The statute "protect[s] lenders from liability for actions or statements a lender might make in the context of counseling or negotiating with the borrower which the borrower construes as an agreement, the subsequent violation of which is actionable against the lender." <u>Dixon v. Countrywide Fin. Corp.</u>, 664 F. Supp. 2d 1304, 1309 (S.D. Fla. 2009)(quoting <u>Brenowitz v. Cent. Nat'l Bank</u>, 597 So. 2d 340, 342 (Fla. 2d DCA 1992)).

"[G]enerally, an 'agreement that is required by the statute of frauds to be in writing cannot be orally modified.'" <u>Locke v. Wells Fargo Home Mortg.</u>, No. 10-60286-CIV, 2010 WL 4941456, at *3 (S.D. Fla. Nov. 30, 2010)(quoting <u>Wharfside at Boca Pointe, Inc. v. Superior Bank</u>, 741 So. 2d 542, 545 (Fla. 4th DCA 1999)). An oral agreement to modify a loan does qualify as a credit agreement under Fla. Stat. § 687.0304. <u>See</u> <u>Brake v. Wells Fargo Fin. Sys. Fla., Inc.</u>, No. 8:10-cv-338-T-33TGW, 2011 WL 6719215, at *8 (M.D. Fla. Dec. 5, 2011), <u>report and recommendation adopted</u>, No. 8:10-cv-338-

7

T-33TGW, 2011 WL 6412430 (M.D. Fla. Dec. 21, 2011)("[C]ourts have held that claims based on oral promises for loan modifications and loan refinancing are barred by the banking statute of frauds.").

The statute of frauds is an affirmative defense and should be considered on a motion to dismiss only if the inability to state a claim is obvious on the face of the complaint. See LeFrere v. Ouezada, 582 F.3d 1260, 1263 (11th Cir. 2009)("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)."); Evans v. Parker, 440 So. 2d 640, 641 (Fla. 1st DCA 1983)(stating that the statute of frauds is an affirmative defense "which cannot properly be raised by a motion to dismiss unless the complaint affirmatively and clearly shows the conclusive applicability of such defense to bar the action").

LMP Ninth Street asserts that the email between it and Kyle Elliott is a writing that confirms the existence of the agreement regarding the reduced prepayment fee, as well as indicating the consideration for and some terms of the agreement. (Doc. # 31 at 7). LMP Ninth Street is correct that a writing need not be a formal contract to meet the requirements of Section 687.0304(2). See Collins, 641 So. 2d

8

at 459 ("We agree with Collins that the letter [from the Bank president to Collins] is sufficient to satisfy the requirements of the statute that there be a writing, that it expresses consideration, and that it set forth the relevant terms and conditions.").

Signed emails may meet the writing requirement of the statute of frauds. U.S. Distribs., Inc. v. Block, No. 09-21635-CIV, 2009 WL 3295099, at *5 (S.D. Fla. Oct. 13, 2009)("The Court finds that the e-mails, several of which are signed by the Defendant and the Plaintiff's alleged agents, attached to the complaint meet the writing requirement of the statute of frauds."). Furthermore, "[c]ourts may aggregate several writings (at least one of which is signed by the party to be charged) to make out the terms of the whole contract." Id. (citing Kolski v. Kolski, 731 So. 2d 169, 171 (Fla. 3d DCA 1999)).

While the email presented by LMP Ninth Street does not include LMP Ninth Street's signature and may not establish the terms of the agreement sufficiently to satisfy the statute of frauds, the Complaint does not state that this email is the only writing embodying the agreement to reduce the prepayment fee. Rather, the Complaint states that LMP Ninth Street "negotiated" with U.S. Bank and alludes to

"discussions" with a representative of KeyBank, without indicating the form these communications took. (Doc. # 2 at ¶¶ 8-9). There is nothing on the face of the Complaint to indicate that no other writings exist regarding the alleged agreement to reduce the prepayment fee or that, if multiple writings exist, they would be insufficient to form a valid contract in the aggregate.

Nor is LMP Ninth Street obligated to attach all writings comprising the alleged agreement to its Complaint. See Curi v. Pershing LLC, No. 12-20566-CIV, 2012 WL 3042998, at *3 (S.D. Fla. July 25, 2012)("[A] Plaintiff is not required to attach a contract to its complaint in order to state a breach of contract claim."); Gulf Coast Produce, Inc. v. Am. Growers, Inc., No. 07-80633-CIV, 2008 WL 660100, at *2 (S.D. Fla. Mar. 7, 2008)("[W]hen alleging a breach of contract, a plaintiff is not required to attach the subject contract to the complaint in order to state a claim.").

While LMP Ninth Street ultimately must prove the existence of a valid agreement to modify the prepayment fee to prevail on its claim, the Complaint sufficiently states a claim to survive the motion to dismiss stage. See Gulf Coast Produce, Inc., 2008 WL 660100, at *2 ("[I]n order to recover on a claim for breach of contract the burden is upon the

claimant to prove by a preponderance of the evidence the existence of a contract, a breach thereof and damages flowing from the breach." (quoting <u>N. Am. Clearing, Inc. v. Brokerage Comput. Sys., Inc.</u>, No. 07-cv-1503-Orl-19KRS, 2008 WL 341309, at *2 (M.D. Fla. Feb. 5, 2008))).

### B.   Promissory Estoppel

U.S. Bank and KeyBank next argue that LMP Ninth Street cannot maintain its claim under a promissory estoppel theory because allowing such a claim on the basis of an oral contract in violation of the statute of frauds would undermine the purpose of such statute. The Court disagrees.

> Promissory estoppel is a qualified form of equitable estoppel, based on "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance . . . . [The promise] is binding if injustice can be avoided only by enforcement of the promise."

<u>Coral Way Props., Ltd. v. Roses</u>, 565 So. 2d 372, 374 (Fla. 3rd DCA 1990)(internal quotations and citations omitted).

However, "Florida courts consistently hold that the statute of frauds also serves to bar any claims that are 'premised on the same conduct and representations that were insufficient to form a contract and are merely derivative of the unsuccessful contract claim.'" <u>Dixon</u>, 664 F. Supp. 2d at

1309 (citing <u>Bankers Trust</u>, 960 So. 2d at 778). Thus, the theory of promissory estoppel should not be applied to avoid the statute of frauds defense, the purpose of which is "to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos." <u>Tanenbaum v. Biscayne Osteopathic Hosp., Inc.</u>, 190 So. 2d 777, 779 (Fla. 1966)(quotation omitted); <u>see also</u> <u>Coral Way Props., Ltd.</u>, 565 So. 2d at 374 (declining "to adopt promissory estoppel as a judicial counteraction to the legislatively created statute of frauds").

As the statute of frauds defense is not apparent on the face of the Complaint, the Court holds that the promissory estoppel claim is premised on conduct sufficient to state a breach of contract claim. Thus, LMP Ninth Street has stated a promissory estoppel claim that may survive the motion to dismiss stage because it is not derived from an unsuccessful breach of contract claim.

**IV.  <u>Conclusion</u>**

The Court finds that LMP Ninth Street has sufficiently stated a claim for breach of contract and promissory estoppel. The applicability of the statute of frauds defense is not apparent on the face of the Complaint and, thus, U.S. Bank and KeyBank's Motion to Dismiss is denied.

12

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants U.S. Bank National Association and KeyBank National Association's Motion to Dismiss (Doc. # 5) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of November, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE